UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

FEDERAL NATIONAL
MORTGAGE ASSOCIATION,

    Plaintiff,

v.                                  Case No. 3:16cv579-MCR-CJK

GREGORY DEAN WILLIAMS,

    Defendant.
_____/

## REPORT AND RECOMMENDATION

This matter is before the court on defendant's notice of removal (doc. 1), plaintiff's motion to dismiss (doc. 5), and defendant's motion to dismiss (doc. 6). After reviewing the parties' submissions, the undersigned recommends that the case be remanded to state court because defendant's notice of removal fails to establish that this court has subject-matter jurisdiction over the action.

### BACKGROUND

On July 30, 2013, plaintiff Federal National Mortgage Association ("FNMA") initiated a civil action in Okaloosa County, Florida, to foreclose a mortgage on real property owned by defendant Gregory Dean Williams. FNMA served defendant with the complaint on August 9, 2013. After a bench trial, the state court entered a

final judgment of foreclosure in favor of FNMA on July 28, 2015.[1] Defendant appealed, and the First District Court of Appeal ("First DCA") affirmed the lower court's decision on September 20, 2016. On October 4, 2016, defendant moved for rehearing; the First DCA denied the motion on November 21, 2016. Defendant, however, filed a notice of removal on November 1, 2016, claiming he was removing Okaloosa County Circuit Court Case No. 2013 CA 003424 from state to federal court based on federal question jurisdiction.[2] He further claims "the state tribunal lacked jurisdiction over the interstate debt collection which falls under the federal law of the FDCPA, [and] all actions and judgments in the state tribunal are VOID and should properly be vacated."

Defendant also attempts to raise a counterclaim in the notice of removal, asserting FNMA violated the FDCPA by prosecuting the foreclosure action. He requests that this court: (1) dismiss the state-court action with prejudice for lack of jurisdiction; (2) vacate the judgments rendered against him in state court for lack of

---

[1] Okaloosa County's court records list the status of the case as "closed." *See* Okaloosa County Clerk of Courts, Case No. 2013 CA 003424, https://clerkapps.okaloosaclerk.com/benchmarkweb2/Home.aspx/Search (last visited June 21, 2017).

[2] Defendant asserts that, "[b]eing uneducated in the law and unable to afford an attorney, the Consumer [(i.e., defendant)] mistakenly fought the debt collection purported as a foreclosure action in the private tribunal in Okaloosa County, Florida unaware of the federal court jurisdiction." Defendant "subsequently learned that FNMA failed to bring the debt collection action in a judicial district and a court thereof as defined in 28 U.S.C. §132a pursuant to the [Fair Debt Collection Practices Act ("FDCPA")]."

Case No. 3:16cv579-MCR-CJK

jurisdiction; and (3) award him damages totaling $600,000 based on the "unlawful" state-court litigation.

## DISCUSSION[3]

Courts "have an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party." *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 514, 126 S. Ct. 1235, 163 L. Ed. 2d 1097 (2006) (*citing Ruhrgras AG v. Marathon Oil Co.*, 526 U.S. 574, 583, 119 S. Ct. 1563, 143 L. Ed. 2d 760 (1999)); *see also* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."). "A removing defendant bears the burden of proving proper federal jurisdiction." *Leonard v. Enter. Rent a Car*, 279 F.3d 967, 972 (11th Cir. 2002). "Any doubts about the propriety of federal jurisdiction should be resolved in favor of remand to state court." *Adventure Outdoors, Inc. v. Bloomberg*, 552 F.3d 1290, 1294 (11th Cir. 2008) (*citing Diaz v. Sheppard*, 85 F.3d 1502, 1505 (11th Cir. 1996)).

---

[3] FNMA's motion to dismiss—which the court construes as a motion for remand—argues that Mr. Williams' removal of the case was untimely under 28 U.S.C. § 1446. (Doc. 5); 28 U.S.C. § 1446 ("The notice of removal of a civil action . . . shall be filed within 30 days after the receipt by the defendant . . . of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based[.]"). FNMA's motion, however, was filed on January 24, 2017—over 30 days after defendant filed the notice of removal. *See* 28 U.S.C. § 1447(c) ("A motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal under section 1446(a).").

Case No. 3:16cv579-MCR-CJK

"The existence of federal jurisdiction is tested at the time of removal." *Adventure*, 552 F.3d at 1294-95 (*citing Whitt v. Sherman Int'l Corp.*, 147 F.3d 1325, 1332 (11th Cir. 1998)).  "Jurisdiction is determined by looking to the face of the plaintiff['s] well-pleaded complaint, so we examine the plaintiff['s] original complaint[] entered at the time of removal." *Ehlen Floor Covering, Inc. v. Lamb*, 660 F.3d 1283, 1287 (11th Cir. 2011).  "Thus, to meet [his] burden, the defendant[] must show that the plaintiff['s] complaint, as it existed at the time of removal, provides an adequate basis for the exercise of federal jurisdiction." *Adventure*, 552 F.3d at 1295.

Federal district courts "have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."  28 U.S.C. § 1331.  "[T]he vast majority of cases that fall within such federal-question jurisdiction are cases that arise under federal law that creates a cause of action[.]" *Jairath v. Dyer*, 154 F.3d 1280, 1282 (11th Cir. 1998).  "To remove a case from a state court to a federal court, a defendant must file in the federal forum a notice of removal 'containing a short and plain statement of the grounds for removal.'" *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 551, 190 L. Ed. 2d 495 (2014) (*quoting* 28 U.S.C. § 1446(a)).

Here, defendant Williams attempts to invoke the court's federal question jurisdiction by claiming FNMA's foreclosure action implicates the Fair Debt

Collection Practices Act, 15 U.S.C. § 1692, and "interstate commerce." Defendant's notice of removal, however, does not establish the state-court case presents a federal question. *See Blab T.V. of Mobile, Inc. v. Comcast Cable Commc'ns*, 182 F.3d 851, 854 (11th Cir. 1999) ("A case . . . may be removed based on federal question jurisdiction 'only when the plaintiff's statement of his own cause of action shows that it is based' on federal law.") (*quoting Louisville & Nashville R.R. v. Mottley*, 211 U.S. 149, 152, 29 S. Ct. 42, 53 L. Ed. 126 (1908)). FNMA did not raise a federal question in their complaint. (Doc. 4, p. 6-10). Although defendant asserts FNMA's actions during the foreclosure proceedings violated the FDCPA, FNMA did not allege a violation of the FDCPA or any federal law in the state-court complaint. Furthermore, defendant's attempt to bring a counterclaim based on the alleged violations of the FDCPA is insufficient to invoke this court's jurisdiction. *See Vaden v. Discover Bank*, 556 U.S. 49, 66, 129 S. Ct. 1262, 173 L. Ed. 2d 206 (2009) ( "[A] counterclaim . . . does not provide a key capable of opening a federal court's door."); *Holmes Grp., Inc. v. Vornado Air Circulation Sys., Inc.*, 535 U.S. 826, 831, 122 S. Ct. 1889, 153 L. Ed. 2d 13 (2002) ("[A] counterclaim—which appears as part of the defendant's answer, not as part of the plaintiff's complaint—cannot serve as the basis for 'arising under' jurisdiction."). Because defendant Williams' notice of removal fails to show the court has subject-matter jurisdiction over the removed

case, remand is required.[4]  Defendant's bid to move the foreclosure action to federal court and have it dismissed, after unsuccessfully fighting it in state court for several years, is frivolous.

Accordingly, it is respectfully RECOMMENDED:

1. That Okaloosa County Circuit Court Case No. 2013 CA 003424 be REMANDED to the state court from which it was removed.

2. That all pending motions be DENIED AS MOOT.

3. That the clerk be directed to close the file.

At Pensacola, Florida, this 23rd day of June, 2017.

/s/ *Charles J. Kahn, Jr.*
**CHARLES J. KAHN, JR.
UNITED STATES MAGISTRATE JUDGE**

---

[4] Defendant also suggests 15 U.S.C. § 1692i prohibited FNMA from bringing the foreclosure action in state court.  Section 1962i, however, is a venue provision that states "[a]ny debt collector who brings any legal action on a debt against any consumer shall in the case of an action to enforce an interest in real property securing the consumer's obligation, bring such action only in a judicial district or similar legal entity in which such real property is located[.]"  15 U.S.C. § 1692i(a)(1).  Contrary to defendant's belief, the statute does not prohibit FNMA from filing a foreclosure action in state court and does not grant federal courts exclusive subject-matter jurisdiction over foreclosure actions.

## NOTICE TO THE PARTIES

Objections to these proposed findings and recommendations may be filed within fourteen (14) days after being served a copy thereof.  <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u>  A copy of objections shall be served upon the Magistrate Judge and all other parties.  A party failing to object to a Magistrate Judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions.  *See* U.S. Ct. of App. 11th Cir. Rule 3-1; 28 U.S.C. § 636.